**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| William Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   21-cv-5212 |
| | ) | |
| American Body Company, | ) | **Jury Trial Requested** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff William Anderson ("Plaintiff" or "Mr. Anderson"), by and through his undersigned attorneys, and, for his Complaint against Defendant American Body Company ("Defendant" or "American Body"), states as follows:

**NATURE OF ACTION**

1. This is an age discrimination case involving the Defendant's termination of Plaintiff because of his age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") as well as the Illinois Human Rights Act 775 ILCS § 5/1-101 *et seq* ("IHRA"). Specifically, Plaintiff, who drove trucks for Defendant, was told that he was "too old to drive" any longer and was fired shortly thereafter. This case represents a classic example of age discrimination.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States. This Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in the Northern District of Illinois. Defendant is engaged in business and resides in this District, and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

4. Plaintiff William Anderson is a resident of Oak Lawn, Illinois.

5. Defendant American Body Company is a truck, tractor, trailer body manufacturing and repair service company that is based out of and doing business in Crestwood, Illinois.

6. At all relevant times, Defendant was and "employer" and Plaintiff was an "employee" as defined under the ADEA in that Defendant had 20 or more employees for each working day in each of the 20 or more calendar weeks during the relevant calendar years (*i.e.*, 2020, 2021).

7. At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" as defined under the IHRA in that Defendant had 15 or more employees in Illinois for each working day in each of the 20 or more calendar weeks during the relevant calendar years (*i.e.*, 2020, 2021).

8. At all relevant times, Plaintiff was qualified to perform the job duties of his position with Defendant and has in fact satisfactorily performed his job duties with Defendant while employed there.

## PROCEDURAL BACKGROUND

9. On June 15, 2021, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of

Human Rights ("IDHR"). A true and correct copy of that charge is attached hereto as <u>Exhibit 1</u>.

10. On July 9, 2021, the EEOC issued Plaintiff a notice of right to sue, which entitled him to institute a civil action within 90 days of the date of receipt thereof. A true and correct copy of that notice is attached hereto as <u>Exhibit 2</u>.

11. Plaintiff has filed this lawsuit within 90 days of receiving the notice of Plaintiff's right to sue, thereby fulfilling all conditions precedent to the institution of his claims.

**FACTS**

12. For over 20 years, Mr. Anderson has been working for American Body, which is a truck, tractor, trailer body manufacturing and repair service company that is based out of Crestwood, Illinois.

13. Mr. Anderson oversaw the overall transportation of vehicles to and from American Body's customers as well as the communication to customers and internally regarding truck pickups and deliveries. In that role, he reported to American Body's Operations Manager Peter Kozub.

14. Mr. Anderson was never placed on a performance-improvement plan and never received a negative performance evaluation. In short, Mr. Anderson was a stellar employee throughout his tenure at American Body.

15. Things changed in or around April 2021. Specifically, on or about Friday, April 2, 2021, Mr. Anderson's PT Cruiser company car broke down, and it was towed to the shop at American Body. Mr. Kozub gave Mr. Anderson the service van as a substitute company car. Mr. Anderson had the service van over that weekend.

16. The next week, Mr. Kozub said that Defendant's Robert Pape wanted Mr. Anderson to drive another vehicle. And, a few days after that, Mr. Kozub approached Mr. Anderson and told him that Mr. Pape had instructed that Mr. Anderson not drive any vehicle owned by American Body.

17. Later that week, Mr. Pape personally approached Mr. Anderson and said that, at 75 years old, he was "***too old to drive***" and was a "***high risk***," including with respect to insurance coverage.

18. Mr. Pape made these statements directly to Mr. Anderson despite the fact that Mr. Anderson had a valid CDL license as well as a valid CDL medical card (which had just been reissued six months earlier).

19. On May 3, 2021, after Mr. Anderson arrived at work, he was told to come to Mr. Pape's office. When Mr. Anderson arrived at Mr. Pape's office, he saw Mr. Pape, Mr. Kozub, and another individual named James.

20. During that May 3, 2021 meeting, Mr. Pape terminated Mr. Anderson. Mr. Pape said that he had been with his attorneys all weekend, that the regulations had changed over the years, and that it was decided that Mr. Anderson's job had been eliminated. Mr. Pape said that he would mail Mr. Anderson something in writing about the so-called job elimination, which he never did.

21. As a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to compensation, earnings, benefits, emotional distress, and other damages.

**COUNT I**
*Age Discrimination (ADEA):*
*Termination of Plaintiff Based on Age*

22. Plaintiff hereby incorporates in this count the other paragraphs in this complaint as if fully set forth herein.

23. At all relevant times, Plaintiff was a member of a protected class under the ADEA, in that he was 75 years old at the time Defendant terminated him on May 3, 2021.

24. Plaintiff was qualified to perform the position he held.

25. Plaintiff suffered an adverse employment event when Defendant terminated him because of his age.

26. The adverse employment event – *i.e.*, Defendant's termination of Plaintiff – occurred under circumstances giving rise to an inference of discrimination based on Plaintiff's age, as the person at Defendant who terminated Plaintiff confessed to Plaintiff just weeks before the termination that Plaintiff had become "***too old to drive***."

27. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost profits, earnings and benefits, future pecuniary losses, and other compensatory and consequential damages.

WHEREFORE, Plaintiff prays that this Court:

    a. Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's rights under the ADEA;

    b. Declare that the actions of Defendant were discriminatory;

      c.      Award Plaintiff compensatory damages, including, but not limited to, lost earnings, profits and other benefits, in such amount as will reasonably compensate him for his losses;

      d.      Award Plaintiff punitive damages in such amount as the Court deems proper;

      e.      Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action; and

      f.      Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT II
*Age Discrimination (IHRA):*
*Termination of Plaintiff Based on Age*

28. Plaintiff hereby incorporates in this count the other paragraphs in this complaint as if fully set forth herein.

29. At all relevant times, Plaintiff was a member of a protected class under the IHRA, in that he was 75 years old at the time Defendant terminated him on May 3, 2021.

30. Plaintiff was qualified to perform the position he held.

31. Plaintiff suffered an adverse employment event when Defendant terminated him because of his age.

32. The adverse employment event – *i.e.*, Defendant's termination of Plaintiff – occurred under circumstances giving rise to an inference of discrimination based on Plaintiff's age, as the person at Defendant who terminated Plaintiff confessed to Plaintiff just weeks before the termination that Plaintiff had become "***too old to drive***."

6

33. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost profits, earnings and benefits, future pecuniary losses, and other compensatory and consequential damages.

WHEREFORE, Plaintiff prays that this Court:

g. Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's rights under the IHRA;

h. Declare that the actions of Defendant were discriminatory;

i. Award Plaintiff compensatory damages, including, but not limited to, lost earnings, profits and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

j. Award Plaintiff punitive damages in such amount as the Court deems proper;

k. Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action; and

l. Grant Plaintiff such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,

WILLIAM ANDERSON

By: */s/ Michael A. Faccenda*

One of Plaintiff's Attorneys

Michael A. Faccenda, Esq.
FACCENDA LAW GROUP LLC
901 West Hillgrove Avenue
La Grange, Illinois 60525
P: (708) 497-3077
E: maf@faccendalawgroup.com
Attorney for Plaintiff

# Exhibit 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☑ EEOC | Agency(ies) Charge No(s):<br>440-2021-04651 |
|---|---|---|

Illinois Department of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. William Anderson | Home Phone (Incl. Area Code)<br>708-690-9154 | Date of Birth<br>09-06-1945 |
|---|---|---|

Street Address: 5743 W. 89th Place, Oak Lawn, Illinois 60453 (County: Cook, IL)

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>American Body Company ("ABC") | No. Employees, Members<br>Over 20 | Phone No. (Include Area Code)<br>(708) 260-1000 |
|---|---|---|

Street Address: 4427 Midlothian Turnpike Crestwood, Illinois 60445 (County: Cook, IL)

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☑ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☑ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest: May 3, 2021 (termination) - see also attached
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

ABC illegally discriminated against me in violation of the the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq. (the "ADEA") and the Illinois Human Rights Act, 775 ILCS 5/1-101, et seq. (the "IHRA") by terminating me on or about May 3, 2021 because of my age (75 years). At the time of my termination, I was a member of a protected class (age 75); I suffered an adverse employment action as I was terminated on or about May 3, 2021; and I was terminated because of my age. As a result of the illegal termination, I have suffered damages. Additional facts are included in my demand letter which is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein. Please see Exhibit A which is made part of this charge.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/15/21
Charging Party Signature: /s/ William H. Anderson Sr.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Received by EEOC June 15, 2021

# Exhibit A

Received by EEOC June 15, 2021

Exhibit A

# FLG  Faccenda Law Group

901 West Hillgrove Avenue
La Grange, Illinois 60525
Tel: 312 994 2411
Fax: 312 578 1206
faccendalawgroup.com

**Christopher P. Connors**
312 994 2411
cpc@faccendalawgroup.com

May 20, 2021

<u>*Via Email and Facsimile*</u>

Eileen Mary Pape
President
AMERICAN BODY COMPANY
4427 Midlothian Turnpike
Crestwood, Illinois 60445
Email: emp@abcotruck.com
Fax: 708-784-2435

Re:     *William Anderson v. American Body Company*

Dear Ms. Pape:

We write to provide you with the written demand of our client, William Anderson, in connection with our client's claims against American Body Company ("American Body") for illegally discriminating against him by terminating him because of his age (75 years) in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq.* (the "ADEA") and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA"). We also are investigating additional potential claims that Mr. Anderson may have under other federal and state laws. Below are the details.

As background, for over 20 years, Mr. Anderson has been working for American Body, which is a truck, tractor, trailer body manufacturing and repair service company that is based out of Crestwood, Illinois. Mr. Anderson oversaw the overall transportation of vehicles to and from American Body's customers as well as the communication to customers and internally regarding truck pickups and deliveries. In that role, he reported to American Body's Operations Manager Peter Kozub. Mr. Anderson was never placed on a performance-improvement plan and never received a negative performance evaluation. In short, Mr. Anderson was a stellar employee throughout his tenure at American Body.

But things changed in April 2021. Specifically, on Friday, April 2, 2021, Mr. Anderson's PT Cruiser company car broke down, and it was towed to the shop at American Body. Mr. Kozub gave Mr. Anderson the service van as a substitute company car. Mr. Anderson had the service van over that weekend. The next week, Mr. Kozub said that Robert Pape wanted

Received by EEOC June 15, 2021

May 20, 2021
Page 2

Exhibit A

Mr. Anderson to drive another vehicle. But a few days after that, Mr. Kozub approached Mr. Anderson and told him that Mr. Pape had instructed that Mr. Anderson not drive any vehicle owned by American Body. Later that week, Mr. Pape personally approached Mr. Anderson and said that, at 75 years old, he was "too old to drive" and was a "high risk," including with respect to insurance coverage. This is despite the fact that Mr. Anderson had a valid CDL license as well as a valid CDL medical card (which had just been reissued six months earlier).

On May 3, 2021, after Mr. Anderson arrived at work, he was told to come to Mr. Pape's office. When Mr. Anderson arrived at Mr. Pape's office, he saw Mr. Pape, Mr. Kozub, and another individual named James. Mr. Pape said that he had been with his attorneys all weekend, that the regulations had changed over the years, and that it was decided that Mr. Anderson's job had been eliminated. Mr. Pape said that he would mail Mr. Anderson something in writing about the so-called job elimination, which he never did.

## CONCLUSION

Based on our investigation to date, we have determined that Mr. Anderson has a very strong claim for American Body's violation of the ADEA and the IHRA for age discrimination. Moreover, we have advised our client that, based on our investigation to date, American Body's reason for selecting him for termination (a so-called job elimination) is nothing more than a pre-textual assertion meant to conceal the true purpose behind his termination ("too old to drive"). The sequence of events and express statements by American Body's managers demonstrate the true reasons why Mr. Anderson was fired and the fact that the elimination of his position was completely pretextual.

We have informed Mr. Anderson that he is free to proceed with legal proceedings at any time at his election. However, in the interest of potentially resolving this matter before the filing of a charge and the commencement of litigation, Mr. Anderson would be willing to consider a pre-suit settlement of his claims. In the meantime, on behalf of Mr. Anderson, we are officially requesting a full copy of his personnel records[1] and also demand that American Body preserve and retain all emails and other documents potentially relevant to this litigation by placing a legal hold on all such emails and documents immediately.[2]

---

[1] Under the Illinois Personnel Record Review Act, employers must produce such records within 7 business days. *See* 820 ILCS 40/2 ("The employer shall provide the employee with the inspection opportunity within 7 working days after the employee makes the request. . . ."). Therefore, please produce our client's personnel files within seven business days of today as required by 820 ILCS 40/2 (*i.e.*, **no later than Monday, May 31, 2021**). If we do not timely receive our client's full personnel file by that time, we will commence an action to enforce our client's rights under the Illinois Personnel Record Review Act and seek our full attorney's fees and costs for having to do so. *See* 820 ILCS 40/12 (c) and (d).

[2] Our client demands that American Body (and its affiliates, managers, and employees that it controls) preserve all documents and other evidence that are potentially relevant to our client's claims, including all of his emails as well as all of the emails and other documents of all potentially relevant custodians, including each person

May 20, 2021
Page 3

In exchange for a full and confidential settlement of all of Mr. Anderson's claims, his demand is as follows:

- *<u>Before</u> the commencement of litigation: 12 months of salary ($66,250.00)*.

- *<u>After</u> the commencement of litigation: 24 months of compensation ($132,500.00) + attorney's fees and other damages*. If this matter does not settle pre-suit, our client's demand will increase by all other available damages for his claims as well as the amount of our full attorney's fees that we will be forced to incur to prosecute our client's ADEA, IDHR, and possibly other claims in court.

Thank you for your attention to this matter. Please let us know <u>*no later than the close of business on Monday, May 31, 2021*</u> if American Body wishes to explore a possible settlement of this matter before we file our client's charge and commence litigation. If we do not hear from you by that date, we will assume that American Body has no interest in exploring a pre-suit settlement and will therefore proceed accordingly. If you have any questions in the meantime, please feel free to contact either one of us.

Very truly yours,

Christopher P. Connors, Esq.                Michael A. Faccenda, Esq.

---

specifically identified in this letter. Absent an express objection in the next three business days, we will assume and rely on the fact that American Body will preserve such materials.

# Exhibit 2

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** William Anderson<br>C. Patrick Connors<br>FACCENDA LAW GROUP<br>901 W. Hillgrove Ave<br>La Grange, IL 60525 | **From:** Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-04651 | Alison Fisher, Investigator | (312) 872-9654 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/np*      7/9/2021

Julianne Bowman,
District Director

Enclosures(s)     *(Date Issued)*

cc: **AMERICAN BODY COMPANY**
c/o Mary Ellen Pape, President
4427 Midlothian Turnpike
Crestwood, IL 60445